UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
GARY LAVALETTE,                      )
                                     )
        Plaintiff,                   )    CIVIL ACTION NO.
                                     )    11-10722-DPW
v.                                   )
                                     )
DAVID CRESSMAN, Individually and     )
as Executive Administrator for       )
the Town of Dartmouth, and           )
TOWN OF DARTMOUTH,                   )
                                     )
        Defendants.                  )
```

MEMORANDUM AND ORDER
March 26, 2013

The plaintiff Gary Lavallete contends that he was deprived of due process when terminated from part-time employment with the defendant Town of Dartmouth by the defendant Town Executive Administrator David Cressman. Lavalette argues he was entitled to a hearing regarding the grounds for the termination and that certain of the grounds involved retaliation for the exercise of his First Amendment rights. The parties have presented cross motions for summary judgment.

After careful review of the record, I will grant summary judgment to the defendants – and deny it to the plaintiff – on the due process claim. The record makes clear that the plaintiff has not established the threshold factual predicate to this claim; he did not request the hearing to which he was otherwise entitled. As to the First Amendment claim – which only the defendant seeks to dispose of by summary judgment – the relatively undeveloped record before me discloses genuine issues

of material fact regarding whether Lavalette was addressing matters of public concern as to which he has comparatively robust constitutional protections.

The defendant Executive Administrator Cressman confronted the plaintiff in person with a letter of termination identifying three bases.  He told the plaintiff the termination was immediate.  The plaintiff concedes that he never in any words asked for the hearing that is provided under the Town Charter.  The most that can be said on this record is that plaintiff asked the defendant Cressman to hear his "side" and that Cressman responded that he "would not change [his] mind."

The right to a hearing found in § 6-9 of the Town of Dartmouth Town Charter provides that an employee given, as Lavalette was here, a written notice of the intent to remove and a statement of the causes delivered in hand "[w]ithin five days following delivery of such notice  . . . may request a public hearing."  Lavalette never made such a request.  While a more humane and fair minded supervisor and employer might have taken it upon himself to remind an employee he is terminating – particularly one like Lavalette who had served the town for some sixteen years – of the right to request a hearing at which he could present his "side," the Town Charter procedures do not require such advice.  Plainly Cressman and Lavalette were in an adversarial relationship once the termination was announced. Lavalette could hardly rely upon Cressman for strategic advice.

*Cf. Herwins* v. *City of Revere*, 163 F.3d 15, 20 (1st Cir. 1998). His failure to seek the due process protection available, whether considered a matter of pre- or post-deprivation opportunity, is fatal to his claim.

The two incidents on which the First Amendment claim is founded - which are in turn two of the three bases for his termination - appear not to have been within the scope of Lavalette's part-time employment as a plumbing inspector. As a consequence, he may be viewed by a reasonable jury as speaking as a citizen on matters of public concern and not as to a matter specific to his own employment. In one incident, while conducting an inspection of a restaurant regarding plumbing matters, it appears he identified public health issues beyond plumbing and voiced concerns. In the second incident, while conducting his personal plumbing business at a private residence, he identified conditions that caused him to make a report to a town official.

In order to determine whether his rights to free speech have been abridged, Lavalette must show that (1) he spoke as a citizen on a matter of public concern; (2) his First Amendment interest and the interest of the public outweigh the government's interest in functioning efficiently; and (3) that his protected speech was a substantial and motivating factor in adverse action against him. *Welch* v. *Ciampa*, 542 F.3d 927, 938 (1st Cir. 2008). It is undisputed that the incidents were identified as bases for the

adverse employment action against Lavalette.  On this thin record, there is a genuine dispute whether Lavalette's speech concerned matters of public concern and whether the governmental interest in efficiency is outweighed by interests protected by the First Amendment.  *Cf.  Connick* v. *Myers*, 461 U.S. 138, 147-48 (1983) ("Whether an employee's speech addresses a matter of public concern must be determined by the content, form, and context of a given statement.").

   Accordingly, I DENY plaintiff's motion (#15) for summary judgment and GRANT so much of defendants' cross motion (#23) for summary judgment as concerns the plaintiff's due process claim and DENY so much of that motion as concerns First Amendment claims.

                                        */s/ Douglas P. Woodlock*
                                        DOUGLAS P. WOODLOCK
                                        UNITED STATES DISTRICT JUDGE